B2030 (Form 2030) (12/15)

## United States Bankruptcy Court
### District of Utah

In re   **Angela Gibbs**                                                Case No.   **26-20500**

_____
Debtor(s)                                                              Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |
|---|---|
| For legal services, Debtors have agreed to pay................................................................. | $  **2700.00** |
| Prior to the filing of this statement I have received ...................................................... | $  **0.00** |
| Balance Due .................................................................................................................... | $  **2700.00** |

2.  The source of the compensation paid to me was:

    ☐ Debtor      ☒ Other (specify):      Not Applicable

3.  The source of compensation to be paid to me is:

    ☒ Debtor      ☐ Other (specify):

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representing the debtor in any adversary proceedings or contested matters brought against them;
    e.  All other services required by Local Rule 2091-1, and

        Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

    • Commencing any adversary proceeding on behalf of the debtor;
    • Representing the debtor in any municipal, county, state or other local jurisdiction court matters;
    • Representing the debtor in any tax matters;
    • Commencing any action against a creditor for violations of non-bankruptcy law.

7.  Counsel offered debtor(s) two options for the payment of Counsel's fee: (1) pre-pay the fee in full prior to the Chapter 7 bankruptcy petition being filed, or (2) bifurcate the attorney services into pre- and post-petition work in order to facilitate the debtor(s) making payments post-petition for some or all of Counsel's fee for post-petition work. Counsel charged the same attorney fee for these two options.

8.  Debtor and counsel entered into two, separate fee agreements for pre- and post-petition work.

    a.  Debtor(s) signed a pre-filing agreement for the minimum work required under the Bankruptcy Code and Rules to commence the case. The pre-filing agreement advised the debtor(s) that if Counsel had performed this work hourly, it would have a value of $2200. Any amount paid by debtor(s) prior to the petition being filed was credited: 1) first to the filing fee, 2) second to the value of the pre-filing work and 3) third to a prepayment of the anticipated fee for Counsel's post-filing work. Any amount that debtor(s) paid prior to the petition being filed is listed above in Section 1 as "Prior to the filing of this statement I have received." Any portion of the value of Counsel's pre-filing work not paid by debtor(s) as described above has been waived by Counsel.

    b.  Debtor(s) signed a post-filing agreement after the petition was filed for the remaining work needed to represent debtor(s) to a successful conclusion of their chapter 7 case. Any portion of Counsel's fees not waived or paid by debtor(s) prior to the filing are reflected in Section 1 above as the "Balance Due." The second fee agreement allows the debtor(s) to pay this Balance Due in installments over 12 months following the bankruptcy filing.

In re    **Angela Gibbs**                                          Case No.  **26-20500**

Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

---

**CERTIFICATION**

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **February 13, 2026** | /s/ Jarred Henline |
| *Date* | **Jarred Henline** |
| | *Signature of Attorney* |
| | **Henline Law PC** |
| | **770 E Main St. #348** |
| | **Lehi, UT 84043** |
| | **801-200-3553** |
| | **jarred@henlinelaw.com** |
| | *Name of law firm* |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                       Best Case Bankruptcy